IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAUREEN TERESA BAKER,

            Plaintiff

VS.

TOM CHAPMAN, *et al.*,

            Defendants

NO.  5:09-CV-108 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

      Plaintiff MAUREEN TERESA BAKER has filed a motion seeking to disqualify the Attorney General and attorneys in the Office of the Attorney General of Georgia from representing defendant LYNDON ROZIER in the above captioned matter. Tab #7. The basis for this request is the plaintiff's assertion that the Attorney General and attorneys in the Office of the Attorney General of Georgia have a conflict in defending a state employee who has allegedly committed criminal conduct. According to plaintiff Baker, the conflict arises in that the Attorney General is authorized to prosecute any person who violates any criminal statute while dealing with or for the state. O.C.G.A. § 45-15-10.

      In response to this motion, the defendants contend that the plaintiff's allegation is frivolous. Tab #9. The undersigned agrees. Under relevant law, the Office of the Attorney General of Georgia is constitutionally and statutorily required to perform dual functions, one of which is the provision of legal representation to Georgia state employees in certain civil actions. See Ga. Const. art. V, § III, ¶ IV; O.C.G.A. §§ 45-15-10, 45-15-3; *Brown v. State*, 177 Ga. App. 284 (1985). Given the fact that the instant 42 U.S.C. § 1983 action has been brought against defendant ROZIER in his capacity as prison guard employed by the state of Georgia, this would certainly qualify as such an action. Accordingly, plaintiff's motion to disqualify is DENIED.

      SO ORDERED, this 21st day of MAY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE