IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAUREEN TERESA BAKER,

        Plaintiff

VS.

TOM CHAPMAN, *et al.*,

        Defendants

NO.  5:09-CV-108 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION TO DENY MOTION TO DISMISS

Before the court is a motion seeking dismissal filed by the defendants Tom Chapman, Connie Rouse, and Linden Rozier.  Tab #8.  Plaintiff Maureen Teresa Baker has filed a response to the defendants' motion.  Tab #26.  The defendants have replied to the plaintiff's response.  Tab #29.

In their motion, the defendants aver that plaintiff Baker, an inmate at Pulaski State Prison at all times pertinent to this litigation, failed to properly exhaust the administrative remedies available to her before filing this federal civil rights suit as required by the Prison Litigation Reform Act of 1995 ("PLRA").  The defendants further aver that this court is without jurisdiction to consider plaintiff Baker's claims brought pursuant to Georgia state law as well as those claims relying upon the provisions of 18 U.S.C. § 2340.  As such, the defendants contend that this court should dismiss this case in its entirety.

## LEGAL STANDARDS

### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff.  *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir.

1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## CRUEL AND UNUSUAL PUNISHMENT

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

GEORGIA DEPARTMENT OF CORRECTIONS GRIEVANCE PROCEDURE

The Georgia Department of Corrections employs a three-step administrative grievance procedure. The first step requires inmates to file an informal grievance. The second step involves a formal grievance, which must be filed with the inmate's counselor within five business days of the inmate's receipt of the written resolution of the informal grievance. If a formal grievance is filed, the warden must provide a written response to the inmate, stating the reasons for his or her decision, within thirty days. If an inmate is still not satisfied, the third step allows the inmate the to appeal the warden's decision within five business days of receiving the warden's decision, or after the warden's response time is exceeded. This appeal is filed with the Commissioner's office and forwarded to Inmates Affairs for review.

In the case of complaints involving allegations of excessive force by staff, however, an exception to the above process exists. According to GDOC procedures, any informal grievance that alleges physical abuse or excessive force by staff is to be forwarded directly to the Office of Professional Standards Internal Investigation Unit for review. Thus, filing only an informal grievance alleging such behavior on the part of prison staff obviates the requirement for inmates to comply with each of the three steps outlined above in order to exhaust such a claim.

DISCUSSION

In this action, plaintiff Baker alleges that she was violently assaulted, raped, and sodomized by defendant Rozier and that defendants Chapman and Rouse, despite knowledge of numerous accusations against Rozier for this type of abuse, were deliberately indifferent thereto. As stated above, the defendants response to these allegations came in the form of a pre-answer motion seeking dismissal. Therein, the defendants allege failure to exhaust administrative remedies and lack of jurisdiction. In support of these assertions, the defendant have submitted affidavits and exhibits for the purpose of demonstrating that the plaintiff failed to complete any part of the required grievance procedure. In addition, the defendants provided argument and case citations in support of their lack of jurisdiction contentions.

In response to the motion seeking dismissal, and with respect to the claim of failure to exhaust, plaintiff contends that she did exhaust administrative remedies under both the three-step requirement, as well as the staff abuse exception outlined above. Plaintiff Baker states that when she requested the pre-printed forms which are to be used when filing grievances, her requests were denied. Consequently, plaintiff Baker avers that she grieved her complaints, both informally and formally, by recreating, completing, and submitting the grievance forms by hand. Furthermore, when she received no response from these grievances, she claims to have written letters to the warden, and ultimately the Commissioner of the GDOC, in further attempts to satisfy the administrative grievance requirements and secure some relief. Plaintiff has attached copies of each of these documents to her response.

With regard to the defendants' arguments involving the issue of this court's jurisdiction over the state law and 18 U.S.C. § 2340 claims, plaintiff clarifies that her claims for relief are brought pursuant to and accordance with the statutory authority of 42 U.S.C. 1983.

In reply to the plaintiff's response, the defendants begin by urging the court to find, *inter alia*, that the plaintiff's claims of exhaustion lack credibility. The defendants then set out, with supporting authority, the manner in which the court should analyze the various evidence involving exhaustion. The defendants then conclude that in view of this legal standard, the evidence and affidavits filed in support of their exhaustion arguments and the alleged inconsistencies in the plaintiff's assertions of exhaustion, the case should be dismissed. Finally, and with respect to the plaintiff's state law and 28 U.S.C. § 2340 claims, the defendants reassert their position that the Court lack's the requisite jurisdiction to entertain such claims.

Having read and considered the arguments of the parties, along with the controlling law and relevant evidence of record, the undersigned is not persuaded that the plaintiff's assertions of exhaustion lack all credibility. Consequently, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal on the basis of the plaintiff's alleged failure to exhaust be **DENIED** and that this case be allowed to proceed for further factual development. Insofar as the issue of state law and 28 U.S.C. § 2340 claims are concerned, the undersigned accepts the plaintiff's assertion that she is seeking relief strictly in accordance with the statutory provisions of 42 U.S.C. 1983. For this reason, the jurisdictional issues raised by the defendants appear moot.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 27th day of JANUARY, 2010.



                                          CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE