**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MAUREEN TERESA BAKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 5:09-cv-108 (CAR) |
| | : | |
| **TOM CHAPMAN, et al.,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

*ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 43] that Defendants' Motion to Dismiss [Doc. 8] be granted in part and denied in part. Specifically, the United States Magistrate Judge recommends that Defendants' Motion to Dismiss be granted regarding Plaintiff's state law and 28 U.S.C. § 2340 claims and be denied regarding Plaintiff's Eighth Amendment claim. Plaintiff filed no objection to the part of the Recommendation dismissing her claims. Defendants, however, filed an Objection to the portion of the Recommendation [Doc. 44] allowing Plaintiff's Eighth Amendment claim to go forward. Defendants contend that this claim should also be dismissed because Plaintiff failed to exhaust her administrative remedies. Upon review of the Recommendation and the Objection, and upon *de novo* review of the record, the Recommendation is **ADOPTED IN PART AND REJECTED IN PART AND MADE THE ORDER OF THE COURT**. The Court hereby **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** all of Plaintiff's claims.

In her Complaint, Plaintiff alleges that she was sexually assaulted by Defendant Rozier while at Pulaski State Prison in Hawkinsville, Georgia. Since then, Plaintiff has been transferred and is

currently an inmate at Arrendale State Prison in Alto, Georgia. Defendants contend that Plaintiff's Eighth Amendment claim should be dismissed because she failed to exhaust her administrative remedies. The United States Magistrate Judge recommends that Defendants' Motion to Dismiss regarding this claim be denied because Plaintiff's assertions of exhaustion do not lack all credibility. However, the Recommendation does not apply the appropriate legal standard outlined by the Eleventh Circuit in Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). After applying the appropriate legal standard and reviewing the record in this case, the Court finds that Plaintiff has not exhausted her administrative remedies and therefore dismissal is warranted.

Failure to exhaust administrative remedies is an affirmative defense available to Defendants under the Prison Litigation Reform Act of 1995 ("PLRA"). Bryant v. Rich, 530 F.3d 1368, 1374 n.9 (11th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). Exhaustion is not a jurisdictional prerequisite. Id. at 1374 n.10 (citing Woodford v. Ngo, 548 U.S. 81, 110 (2006)). As such, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints," but need only respond if a defendant raises failure to exhaust as an affirmative defense. Id. at 1374 n.9.

The PLRA requires that inmates exhaust all available administrative remedies before bringing an action under Section 1983. 42 U.S.C. § 1997e(a). The Georgia Department of Corrections ("GDC") requires a three-step administrative grievance procedure. First, the inmate must file an informal grievance. Second, the inmate must file a formal grievance within five business days of the inmate's receipt of the written resolution of the informal grievance. If the formal grievance is filed, the warden must provide a written response to the inmate within thirty days. Third, an inmate who is not satisfied with the warden's response may appeal the decision within five business days.

When a defendant raises the defense of failure to exhaust, as in this case, courts review the

motion through the two-step process outlined in Turner. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. at 1082. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendant's burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id. Here, Plaintiff's version and Defendants' version of the facts clearly conflict.

Taking Plaintiff's version of the facts as true under the first step in Turner, dismissal is not warranted. Plaintiff claims that despite her repeated requests, prison officials denied her an informal grievance form after the alleged incident. According to Plaintiff, she was sexually assaulted by Defendant Rozier on April 11, 2008. Seven days after the assault, Plaintiff claims she requested an informal grievance form but was denied. On that same day, April 18, 2008, Plaintiff contends that she wrote out an informal grievance explaining the incident and stating that the requested form had been denied. (Doc. 26, Ex. D). This informal grievance was addressed to "Warden Chapman, Roust & Fowler" and sent to her counselor's attention. Three days later, having received no acknowledgment of her complaint, Plaintiff claims she sent a request to her counselor to confirm receipt of the grievance. (Id.).

Plaintiff next contends that despite her repeated requests, prison officials denied her a formal grievance. On April 21, 2008, the same day Plaintiff requested confirmation of her informal grievance, she claims to have requested a formal grievance form from Officer Hensley, who denied this request. Plaintiff then asserts that she wrote out and mailed a formal grievance to "Warden Chapman, Roust & Fowler." (Id. Ex. E). Approximately three weeks later, on May 12, 2008, having

received no confirmation from the Warden, Plaintiff contends she sent a letter to him explaining the incident.

Plaintiff also argues that her requests for a formal grievance form were unnecessary because she should have been automatically issued a formal grievance form in accordance with a special GDC Procedure. (Doc. 8, Ex. A). Finally, Plaintiff alleges that because she received no response from prison officials regarding any of her grievances, she filed an appeal on June 24, 2008, more than two months after the alleged assault occurred. (Id. Ex. G).

Therefore, taking Plaintiff's version of the facts as true, she exhausted all of her available administrative remedies and dismissal is not warranted under the first step in Turner. Thus, the Court must proceed to the second stage of the analysis to determine if Defendants meet their burden of proving that Plaintiff has failed to exhaust her administrative remedies. The Court finds Defendants have met their burden: Defendants proffer substantial evidence clearly showing that Plaintiff failed to exhaust her administrative remedies. (Doc. 8, Exs. D-WW; Doc. 29, Exs. 1-4). Defendants' evidence not only establishes that Plaintiff neither requested nor was denied an informal or formal grievance form, but also that she never filed an appeal. (Id.).

Defendants show that Plaintiff was well-aware of the grievance procedure. (Doc. 8, Exs. B and B-1). First, Plaintiff was instructed on the procedure during orientation on three different occasions between 2007 and 2008, at Metro State Prison, Pulaski State Prison, and Arrendale State Prison. (Id. Ex. B). Second, Plaintiff knew how to use the grievance procedure by properly following it in a previous, unrelated matter. (Id. Ex. B-1).

Defendants offer approximately fifty affidavits to undermine Plaintiff's version of the facts. (Doc. 8, Exs. D-WW; Doc. 29, Exs. 1-4). Despite numerous opportunities to obtain grievance forms from staff members at both Pulaski and Arrendale, including correctional officers, medical

personnel, counselors, and mental health staff, Plaintiff declined to do so. (Id.). Defendants show that Plaintiff interacted with Warden Chapman and seventeen members of the correctional staff at Pulaski, any of whom could have provided her with a grievance form; however, Plaintiff never requested nor was denied such form. (Doc. 8, Exs. D, F, G, I, J, L-S, U-Y, and AA). For example, on April 14, 2008, when bruises were found on Plaintiff's body, Florence Hanks, a correctional officer at Pulaski, asked Plaintiff if she would like to make a statement, but Plaintiff declined to do so. (Doc. 29, Ex. 4). On that same day, the General Population Counselor at Pulaski, Melissa Thompson, also asked Plaintiff if she wanted to make an allegation and write a statement; again, Plaintiff declined to do so. (Doc. 8, Ex. Z). Defendants also establish that Plaintiff never requested nor was denied a grievance form after being transferred despite interacting with more than twenty correctional officers and various medical staff at Arrendale. (Id. Exs. B, BB-WW).

To further erode Plaintiff's version of the facts, Defendants specifically rebut certain allegations made by Plaintiff. (Doc. 8, Ex. C, D-1, and E; Doc. 29, Ex. 1-2). First, despite Plaintiff's allegations to the contrary, Defendants show that Plaintiff's counselor never received any correspondence from Plaintiff. (Doc. 29, Ex. 2). Second, although Plaintiff claims she was denied a formal grievance form from Officer Hensley, Defendants demonstrate that Hensley was out on sick leave the day Plaintiff supposedly requested the form. (Id. Ex. 1). Third, even though Plaintiff alleges to have written numerous letters to Warden Chapman, Defendants have only one letter on file, and it relates to "her housing assignment and her desire to see a sexual assault counselor." (Doc. 8, Ex. D-1). This letter does not mention that Plaintiff tried to file a grievance and was denied. (Id.).

Fourth, according to GDC Procedure, for complaints alleging physical abuse by a staff member, the Grievance Coordinator has a duty to ensure that the inmate is promptly issued a formal grievance form within two business days after receipt of the inmate's informal grievance. (Id. Ex.

A). Plaintiff contends she never received a form from the Grievance Coordinator; however, Defendants establish that the Alternate Grievance Coordinator, Lyvette Watts, never received a grievance from Plaintiff to trigger this duty. (Id. Ex. C). Finally, despite Plaintiff's claim to have filed an appeal, Defendants show that Shevondah Fields, the person responsible for receiving all appeals, never received any correspondence from Plaintiff. (Id. Ex. E).

Upon review of the record, the weight of the evidence overwhelmingly tilts in favor of Defendants' position. While Plaintiff only offers her own allegations of exhaustion, Defendants offer an abundance of evidence from varying sources showing that the grievance process was available to Plaintiff and that despite numerous opportunities, she did not take advantage of this process. Thus, in light of Defendants' copious evidence and Plaintiff's lack thereof, her claim must be dismissed for failure to exhaust her administrative remedies. See Emmett v. Walker, No. CV 108-014, 2009 WL 2192650, at *7 (S.D. Ga. July 23, 2009) ("Although Plaintiff maintains otherwise, there is ample evidence in the record from which to conclude that the grievance process was available to Plaintiff.").

Accordingly, the Court rejects the Magistrate Judge's Recommendation to deny the portion of Defendants' Motion to Dismiss relating to Plaintiff's Eighth Amendment claim. However, the Court adopts the remainder of the Recommendation regarding the dismissal of Plaintiff's state law and 28 U.S.C. § 2340 claims.

## CONCLUSION

For the reasons explained above, the Recommendation [Doc. 43] to deny Defendants' Motion to Dismiss [Doc. 8] is **HEREBY ADOPTED IN PART AND REJECTED IN PART AND MADE THE ORDER OF THE COURT**. The Court hereby **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** all of Plaintiff's claims.

**SO ORDERED.**  This 29th day of March, 2010.

                                                S/ C. Ashley Royal  
                                                C. ASHLEY ROYAL  
                                                UNITED STATES DISTRICT JUDGE

APG/ssh